# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-0519V
(not to be published)

| | |
|---|---|
| JANICE SHELLY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA,* for Petitioner.

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 9, 2018, Janice Shelly filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome that was caused-in-fact by her receipt of an influenza vaccination administered on November 20, 2015. (Petition at 1). On September 9, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 39).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has filed a motion for attorney's fees and costs, dated June 5, 2020 (ECF No. 45), requesting a total award of $27,282.99 (representing $25,582.90 in fees and $1,600.09 in costs).[3] In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (*Id.* at 33). Respondent reacted to the motion on June 11, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to my discretion to determine the amount to be awarded. (ECF No. 46). Petitioner filed a reply on June 11, 2020, and "respectfully requests the Court's consideration in its exercise of its discretion to award attorneys' fees and costs requested". (ECF No. 47 at 2).

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

---

[3] On March 9, 2020, Petitioner filed a Motion for Extension of Time to file her Motion for Attorney Fees and Costs requesting an additional 20 days for filing Petitioner's Motion for Attorney Fees. (ECF No. 44). Petitioner did not file her Motion for Attorney Fees until June 5, 2020, almost 3 months after her requested date of extension listed in her Motion for Extension of Time. (ECF No. 45). At this time, I will proceed with reviewing and filing a decision for Petitioner's fees and costs, however, in the future, counsel is cautioned to be more diligent of deadlines as this may not be the case if future deadlines are missed.

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ATTORNEY FEES

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Lawrence Cohan, $420 per hour for work performed in 2017, $440 per hour for work performed in 2018, $450 per hour for work performed in 2019 and $484 for work performed in 2020; for Mr. David Carney, $290 per hour for work performed in 2017, and $315 per hour for work performed in 2018 and 2019; and between $135 - $145 per hour for all paralegal work performed. (ECF No. 45 at 1). The rates requested for Mr. Carney and for the paralegal work are consistent with what they have previously been awarded, and I find no cause to reduce them in this instance.

The requested rate of $420 per hour Mr. Cohan, however, exceeds what has been previously awarded for his time. *See,* e.g., *Bartkus v. Sec'y of Health & Human Servs.,* No. 15-261V, 2019 WL 2067278 (Fed. Cl. Spec. Mstr. April 19, 2019); *Charneco v. Sec'y of Health & Human Servs.,* No. 17-458V, 2019 WL 3753290, (Fed. Cl. Spec. Mstr. Jul. 18, 2019). In *Bartkus,* the special master noted that Mr. Cohan had been awarded $400.00 per hour for work performed in 2017 because that was the rate at which he warranted he billed his work. *Id.* It is not the practice in the Vaccine Program to retroactively increase rates previously awarded in the Program,[4] or to deviate from prior rate awards simply because a petitioner asks for a higher rate in a subsequent case.[5] I will therefore reduce Mr. Cohan's rate for 2017 to the previously-awarded rate of $400.00 per hour. This results in a reduction in total fees to be awarded of **$128.00**.[6]

---

[4] On several prior occasions, present counsel has had a requested rate reduced to what he previously had been awarded. *See,* e.g., *Charneco v. Sec'y of Health & Human Servs.,* No. 17-0458V, 2019 WL 3753290 (Fed. Cl. Spec. Mstr. July, 18, 2019); *E.L., et al v. Sec'y of Health & Human Servs.,* No. 16-1635V, Slip Op*45, December 10, 2019; *Burkett et. al v. Sec'y of Health & Human Servs.,* No. 16-1267V, Slip Op *51, January 22, 2020.

[5] Petitioner notes that the requested rates were awarded in *Torres-Ruiz v. Sec'y of Health & Human Servs.*, No. 17-0988, 2019 WL 7209832 (Fed. Cl. Spec. Mstr. Nov. 13, 2019). However, that fees decision did not include a reasoned analysis of the propriety of the relevant rate, and therefore does not provide useful precedent.

[6] This amount consists of $420 - $400 = $20 x 6.4 hrs = $128.00.

Petitioner's requested rates for Mr. Cohan for 2018 and 2019 are consistent with what has been previously awarded, and thus require no adjustment. However, although the requested rate for Mr. Cohan's 2020 work is within the appropriate experience range utilized by the Office of Special Masters,[7] I nevertheless find the requested increase to be excessive. Rather, relying on the factors set forth in *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large), a somewhat lesser increase of $470 per hour is more appropriate for his time billed in 2020, and also more consistent with the magnitude of prior increases. This reduces the attorney fees to be awarded in this case by the amount of **$64.40**.[8]

## ATTORNEY COSTS

Petitioner requests $1,600.09 in overall costs. (ECF No. 45 at 2). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all the requested costs and find them to be reasonable, and although Petitioner did not provide adequate documentation in support of her request, I find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$26,989.69** (representing $25,389.60 in attorney's fees and $1,600.09 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[7] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

[8] This amount consists of $484 - $470 = $14 x 4.6 hrs = $64.40.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.